Clay M. Taylor
State Bar I.D. No. 24033261
Joshua N. Eppich
State Bar I.D. No. 24050567
Bryan C. Assink
State Bar I.D. No. 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
clay.taylor@bondsellis.com
joshua@bondsellis.com
bryan.assink@bondsellis.com

*Proposed Attorneys for Debtors
and Debtors-in-Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| **VMW INVESTMENTS, LLC and** | § | **CASE NO. 19-42644** |
| **VMW BEDFORD, LLC,**[1] | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |

**DEBTORS' EMERGENCY APPLICATION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF LARX
ADVISORS, INC. TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND
ADDITIONAL PERSONNEL, AND (II) DESIGNATING KARTHIK V. GURUMURTHY
AS CHIEF RESTRUCTURING OFFICER *NUNC PRO TUNC* TO JULY 31, 2019**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10th STREET, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON AUGUST 22, 2019, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: VMW Investments, LLC (Case No. 19-42644) [7172] and VMW Bedford, LLC (Case No. 19-42646) [0368]. The Debtors' address is 808 W. Indiana Ave., Midland, Texas 79701.

**HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**EMERGENCY CONSIDERATION HAS BEEN REQUESTED AND THE COURT MAY SHORTEN THE RESPONSE TIME.**

VMW Investments, LLC and VMW Bedford, LLC, the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned proposed counsel, hereby file this application (the "Application") for the entry of an order substantially in the form attached hereto (the "Order") attached hereto as **Exhibit A**, under §§ 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing the employment and retention of Larx Advisors, Inc. ("Larx") to provide a chief restructuring officer ("CRO") and certain additional personnel (the "Additional Personnel") on the terms set forth in the engagement letter (the "Engagement Letter"), and (ii) designating Karthik V. Gurumurthy ("Mr. Gurumurthy") as CRO *nunc pro tunc* to July 31, 2019. In support of the Application, the Debtors submit the Declaration of Karthik V. Gurumurthy (the "Gurumurthy Declaration"), attached hereto as **Exhibit B**, and respectfully represent as follows:

### I.    JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code §§ 105(a) and 363(b).

## II. BACKGROUND

3. On June 30, 2019 (the "Petition Date"), the Debtors commenced the above-captioned bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. No committees have been appointed or designated.

4. The Debtors collectively own and operate three pieces of commercial real property located in Fort Worth, Grapevine, and Bedford, Texas (collectively, the "Properties"). VMW Investments, LLC owns the tracts of real property located at 4200–4304 Airport Freeway, Fort Worth, Texas 76117 (the "Airport Freeway Property") and 3600 William D. Tate Avenue, Grapevine, Texas 76051 (the "Grapevine Property"). VMW Bedford, LLC owns the tract of real property located at 221 Bedford Road, Bedford, TX 76022 (the "Bedford Property"). The Debtors lease the office spaces to approximately sixteen (16) different tenants.

5. Michael E. Waters is the manager and sole owner of both of the Debtors. Mr. Waters, in the year prior to the Petition Date, had several serious health issues arise. While Mr. Waters is recovering from those health issues, the Debtors believe that a professional experienced in turnaround situations would be the best person to lead the Debtors through these cases.

6. Prior to the Petition Date, the Debtors contracted with TY Commercial Group ("TYCG") to manage the Debtors' properties. Since the filing of these cases, TYCG has continued to perform these services on Debtors' behalf. Recently, however, TYCG has expressed interest in

being relieved of its obligations under the contract and requested that the Debtors retain a replacement property manager by July 31, 2019.

7. Subject to Court approval, the Debtors have selected Larx Advisors, Inc. to provide a chief restructuring officer and additional personnel to the Debtors and to serve as the Debtors' replacement property manager in these cases.

### III. RELIEF REQUESTED

8. By this Application, the Debtors request that the Court enter an order, substantially in the form of the Proposed Order attached hereto as Exhibit A, pursuant to Bankruptcy Code §§ 105(a) and 363(b), authorizing the employment and retention of Larx and approving the Engagement Letter attached to the Gurumurthy Declaration as Exhibit 1. Specifically, the Debtors request that the Court designate Mr. Gurumurthy as the Debtors' CRO *nunc pro tunc* to July 31, 2019 and authorize Larx to provide the Additional Personnel as may be necessary to assist Mr. Gurumurthy the performance of his CRO duties.

9. The relief requested herein is necessary to the administration of the Chapter 11 Cases. The retention of Mr. Gurumurthy as CRO will substantially enhance the Debtors' efforts to maximize the value of their estates. The Debtors require the services of an experienced CRO and crisis manager to guide existing management through the Chapter 11 Cases. The Debtors also require the services of a property manager given TYCG's request to be relieved of its duties under its management services contract. *Nunc pro nunc* relief to July 31, 2019 is necessary and appropriate because TYCG has purported to resign as property manager as of July 31, 2019, and Larx therefore had to commence employment as of that date to prevent irreparable harm from coming to the Debtors' estates and to ensure a smooth transition of the management duties.

### A. Qualifications

10. Larx specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring. Larx's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including developing or validating forecasts, business plans and related assessments of a business's strategic position; monitoring and managing cash, cash flow and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages, including plans involving restructurings, asset sales pursuant to section 363 of the Bankruptcy Code, or plans of liquidation.

11. Mr. Gurumurthy is a director at Larx. In this capacity, he has experience providing a variety of advisory services and restructuring advice to distressed businesses.

12. Larx has provided restructuring and financial advisory services to a number of companies including, but not limited to, Mayflower Communities, Inc. d/b/a The Barrington at Carmel, SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador, Jones Companies, Yak Mat, BluRoc, WCS, Valuepart Incorporated, and New South.

### B. Scope of Services

13. Subject to approval by the Court, the Debtors propose to retain Larx to provide Mr. Gurumurthy as CRO and to provide the Additional Personnel on the terms and conditions set forth in the Engagement Letter, except as otherwise explicitly set forth herein or in any order granting this Application.

14. Among other things, Mr. Gurumurthy will serve as CRO and shall:

a. Replace TYCG as the property manager for each of the Debtors' three commercial real estate properties and undertake all associated duties;

b. supervise, control, and monitor cash receipts and disbursements;

c. engage potential investors and/or transaction partners;

d. assist the Debtors' retained broker in developing strategies for the lease and sale of Debtors' commercial real estate properties;

e. direct and supervise the formulation of budgets and plans;

f. develop all aspects of financial, operational, and administrative direction and plans;

g. determine, direct, and supervise all other activities and strategies, operations, and plans;

h. act as the Debtors' liaison with creditors and governmental entities;

i. manage the Chapter 11 Cases and administration process; and

j. any additional actions authorized by the Debtors and agreed to by Larx.

**C. Compensation**

15. Larx's compensation for professional services rendered to the Debtors shall consist of (i) hourly compensation at the rates stated in the Engagement Letter; and (ii) the fees owed for services rendered in August, September, and October may accrue in excess of $5,000 per month but the cash paid to Larx shall not exceed $5,000 in those months; (iii) accrued but unpaid amounts owed shall be paid upon availability to do so in any subsequent court-approved budget or upon a successful reorganization or sales process; and (iv) the ability of Larx to request a "success fee" from the Court upon a successful reorganization or sales process.

16. If the Court approves the relief requested herein, Larx will be retained pursuant to Bankruptcy Code § 363. Because Larx will not be retained as a professional under Bankruptcy Code § 327, Larx will not be required to submit fee applications pursuant to Bankruptcy Code §§ 330 and 331. Instead, Larx will file with the Court, with copies to counsel for Lakeland West Capital 37, LLC and the U.S. Trustee, an activities report for the previous month (the "Staffing Report"). Such report shall include the activities performed by Mr. Gurumurthy and the Additional Personnel, if applicable, for the prior month.

17. This type of arrangement is consistent and typical of other firms who provide similar services under similar circumstances. The Debtors submit that the fees to be charged by Larx are reasonable, market-based, and designed to fairly compensate Larx for its work. In addition, given the breadth of the services to be provided and the cap on the cash component of the monthly fee to be charged in these cases for the first three months, the risk of non-payment for accrued but unpaid fees and future fees, the proposed retention of the ability to seek a success fee is also reasonable under the circumstances.

**D. Disinterestedness**

18. To the best of the Debtors' knowledge, information, and belief, Larx (a) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or any person employed by the Office of the United States Trustee; and (b) does not hold any interest materially adverse to the Debtors' estates.

19.     Though the Debtors submit that retention of Larx is not governed by Bankruptcy Code § 327, the Debtors nevertheless submit that Larx is a "disinterested person" as defined by Bankruptcy Code § 101(14).[2]

## IV.    RELIEF REQUESTED

20.     The Debtors seek approval of the retention of Larx pursuant to Bankruptcy Code section 363, *nunc pro tunc* to July 31, 2019. Bankruptcy Code § 363(b)(1) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, pursuant to Bankruptcy Code § 105(a), the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21.     A debtor's proposed use of its assets under Bankruptcy Code § 363(b) will be approved it represents a reasonable execution of business judgment. *See, e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

---

[2] In the event that the Court decides that the relief requested herein is more appropriately granted under Bankruptcy Code § 327, the Debtors alternatively request that the Court approve the retention and employment of Larx under §§ 327 and 328(a) of the Bankruptcy Code.

22. Courts in this and other districts have routinely approved applications to retain chief restructuring officers and other interim corporate officers pursuant to Bankruptcy Code § 363(b). *See, e.g.*, *In re 4 West Holdings, Inc.*, Case No. 18-30777 (HDH) [Docket No. 263] (Bankr. N.D. Tex. Apr. 18, 2018); *In re ADPT DFW Holdings LLC*, Case No. 17-31432 (SGJ) [Docket No. 208] (Bankr. N.D. Tex. May 19, 2017). *See also In re Nine West Holdings, Inc.*, 588 B.R. 678, 692 (Bankr. S.D.N.Y. 2018) ("As is evident from the plethora of case law cited by the Debtors and A & M, courts in this District and elsewhere have entered orders permitting management consultant firms to be retained under section 363(b) based upon a finding that the engagement satisfies the business-judgment standard, without requiring applicants to meet a separate burden of proof under section 327(a).").

23. The Debtors submit that the retention of Larx is a sound exercise of the Debtors' business judgment. Mr. Gurumurthy has extensive experience as an advisor for many troubled companies. Based upon the foregoing, the Debtors submit that the retention of Larx, and the designation of Mr. Gurumurthy as Chief Restructuring Officer on the terms set forth herein and in the Engagement Letter, is essential, appropriate, and in the best interests of the Debtors' estates, creditors, and other parties in interest and should be granted in these Chapter 11 Cases.

### V. WAIVER OF BANKRUPTCY RULES

24. To the extent that any aspect of the relief sought herein constitutes a use of property under Bankruptcy Code § 363(b), the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen day stay under Bankruptcy Rule 6004(h), to the extent applicable. See Fed. R. Bankr. P. 6004(a), (h). As described above, the relief that the Debtors seeks in this Application is immediately necessary in order for the Debtors to be able to continue

to operate their businesses and preserve the value of their estates. The Debtors respectfully request that the Court waive the notice requirements imposed by Bankruptcy Rule 6004(a) and the fourteen day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

25. No trustee, examiner, or creditors' committee has been appointed in the Debtors' Chapter 11 Cases. The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Debtors' secured creditors; (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (d) the United States Internal Revenue Service; (e) any parties that have filed a notice of appearance or request for notice in this case; and (f) all other creditors and parties listed on the mailing matrix as currently constituted by the court and attached hereto. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## PRAYER

The Debtors request entry of the order attached hereto as Exhibit A (i) authorizing the Debtors to retain and employ Larx to provide a CRO and the Additional Personnel; (ii) designating Mr. Gurumurthy as the Debtors' CRO in these cases; and (iii) granting the Debtors such other and further relief as this Court deems just and proper.

Dated: August 1, 2019             Respectfully submitted,

                                                   */s/ Bryan C. Assink*
Clay M. Taylor
State Bar I.D. No. 24033261
Joshua N. Eppich
State Bar I.D. No. 24050567
Bryan C. Assink
State Bar I.D. No. 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
clay.taylor@bondsellis.com
joshua@bondsellis.com
bryan.assink@bondsellis.com

*Proposed Attorneys for Debtors
and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

       I, the undersigned, hereby certify that on August 1, 2019, a true and correct copy of the foregoing document was served via the Court's CM/ECF system or otherwise by first class mail, postage prepaid, upon each of the parties listed on the mailing matrix as currently constituted by the court and attached hereto, which includes: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Debtors' secured creditors; (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (d) the United States Internal Revenue Service; (e) any party that has filed a notice of appearance or request for notice in this case; and (f) all other creditors and interested parties in this case.

                                                   */s/ Bryan C. Assink*
                                                   Bryan C. Assink