Clay M. Taylor
State Bar I.D. No. 24033261
Joshua N. Eppich
State Bar I.D. No. 24050567
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

*Attorneys for Debtors*
*and Debtors-in-Possession*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| VMW INVESTMENTS, LLC and | § | CASE NO. 19-42644 |
| VMW BEDFORD, LLC,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

**DEBTORS' EMERGENCY MOTION TO EXPAND SCOPE OF RETENTION
OF DEBTORS' CHIEF RESTRUCTURING OFFICER**

VMW Investments, LLC and VMW Bedford, LLC, the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file *Debtors' Emergency Motion to Expand Scope of Retention of Debtors' Chief Restructuring Officer* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: VMW Investments, LLC (Case No. 19-42644) [7172] and VMW Bedford, LLC (Case No. 19-42646) [0368]. The Debtors' address is 808 W. Indiana Ave., Midland, Texas 79701.

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion is proper under 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

2. On June 30, 2019 (the "Petition Date"), the Debtors commenced the above-captioned bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No committee has been appointed in these cases. Recently, the U.S. Trustee has filed a Motion to Appoint a Chapter 11 Trustee or, in the alternative, convert the case to one under Chapter 7 of the Bankruptcy Code. The Debtors will respond to the U.S. Trustee's motion in due course.

3. The Debtors collectively own and operate three pieces of commercial real property located in Fort Worth, Grapevine, and Bedford, Texas. VMW Investments, LLC owns the tracts of real property located at 4200 – 4304 Airport Freeway, Fort Worth, Texas 76117 (the "Airport Freeway Property") and 3600 William D. Tate Avenue, Grapevine, Texas 76051 (the "Grapevine Property"). VMW Bedford, LLC owns the tract of real property located at 221 Bedford Road, Bedford, TX 76022 (the "Bedford Property"). Collectively the Airport Freeway Property, Grapevine Property, and Bedford Property are referred to herein as the "Properties."

4. Michael E. Waters is the manager and sole owner of both of the Debtors.

5. On August 7, 2019, the Court entered the *Order (I) Authorizing the Employment and Retention of Larx Advisors, Inc. to Provide a Chief Restructuring Officer and Additional*

*Personnel, and (II) Designating Karthik V. Gurumurthy as Chief Restructuring Officer Nunc Pro Tunc to July 31, 2019* [Docket No. 54] (the "Retention Order").

6. Upon the Court's entry of the Retention Order, Karthik Gurumurthy has been serving as the Debtors' Chief Restructuring Officer and managing the Debtors' business operations and affairs.

7. The Debtors and their professionals have been working swiftly to develop a plan to exit bankruptcy in short order and pay off all creditors in full. To that end, the Debtors have been in serious discussions with numerous parties on the sale of some or all of the Debtors' Properties. The Debtors have a written offer to purchase the Grapevine Property, numerous other parties who are supposed to be submitting written offers on that same property shortly, as well as several other parties interested in purchasing all three of the Debtors' Properties at a price that will pay off all creditors and claims in these cases.

8. Despite this progress, the Debtors recently learned that the health issues of Mr. Waters, Debtors' manager and owner, have resurfaced and caused some interference with the CRO's management of the Debtors' business operations. Accordingly, in order to avoid any further disruption to the estates while the Debtors are near to effectuating a sale of the Properties and paying off all creditors in full, the Debtors seek to expand the scope of the CRO's duties (and in turn limit the authority of Mr. Waters) to prevent any further disruption in the Debtors' operations while the Debtors pursue a sale of the Properties.

### III. RELIEF REQUESTED

9. By this Motion, the Debtors respectfully request that the Court expand the scope of the CRO's duties and the Retention Order in order to alleviate certain concerns the Debtors have with Mr. Waters' health and his related actions in this case.

## IV.  BASIS FOR RELIEF

10. The Debtors seek to expand the CRO's duties and the scope of the Retention Order pursuant to §§ 105(a), 327, and 328 of the Bankruptcy Code.

11. Good cause exists to grant the relief requested herein.  The Debtors' CRO has been dutifully managing the Debtors' business since his appointment.  In addition to managing the day-to-day operations of the Debtors' Properties, the CRO has also been working to remedy certain deferred maintenance issues and initiate certain tenant improvements on the Properties.  The CRO remains in regular contact with the Debtors' tenants and attends to any questions or concerns they may have as the Debtors work through this process.

12. As part of the management of the Debtors' businesses, the CRO manages and maintains the Debtors' bank accounts.  While Mr. Waters is a signatory on each of the Debtors' bank accounts, he does not handle the day-to-day operations of the Debtors' businesses or use the accounts to assist in managing operations.  Prior to the bankruptcy filing, however, Mr. Waters would often pay the monthly note payments to Wells Fargo, and then Lakeland, from the Debtors' Wells Fargo accounts.  TY Commercial Group, when it served as property manager, would also distribute income in excess of operations to the Debtors' Wells Fargo Bank Accounts.  Moreover, Mr. Waters was accustomed to using those same VMW accounts for managing his other business enterprises cash management needs.  To that end, Mr. Waters was accustomed to infusing capital as necessary and sometimes withdrawing the excess provided by TY Commercial Group as distributions.

13. Despite the Debtors' progress thus far and the CRO's success in managing the Debtors' business, the health issues of the Mr. Waters are causing certain difficulties with the CRO's management of the Debtors' business affairs.  In particular, the deleterious effects of his

memory issues are becoming more apparent. Despite repeatedly assuring Debtors' attorneys and the CRO that he would refrain from utilizing the Debtors' non-operating accounts at Wells Fargo after the Debtors discovered the transfers made as disclosed in the July Monthly Operating Report, the CRO recently discovered that certain additional transfers occurred since the filing of the July MOR. Although Mr. Waters deposited $30,000 of his own personal funds into the Debtors' account to pay for certain deferred maintenance and other items in accordance with the cash collateral budget, Mr. Waters also deposited and withdrew additional funds into the account that were unrelated to the Debtors' business. Although the deposits made into the account well exceed the withdrawals and the Debtors operations have been unaffected by the transfers, the Debtors and CRO understand that these are not proper transactions under the Bankruptcy Code and Trustee Guidelines.

14. For these reasons, the Debtors seek relief from this Court to modify the Court's prior Retention Order to remove Mr. Waters' signatory authority on all of the Debtors' bank accounts until the Debtors can effectuate a sale of the Properties and resolution of these bankruptcy cases. This will ensure that the CRO's management of the Debtors continues to proceed smoothly, while alleviating any potential risk to the Debtors' estate that may occur as a result of any inadvertent or unauthorized bank account transfers.

15. The Debtors believe the relief requested herein is in the best interests of the Debtors, their estates, and all creditors and parties-in-interest. The Debtors are proceeding quickly in these cases under the circumstances and will be within the next few days filing papers to sell at least one Property on an expedited basis in an amount over the secured debt on that Property so they may being to effectuate a plan to pay off all creditors in full and exit bankruptcy. While the Debtors understand that the relief requested herein may be considered extraordinary, they nevertheless

believe it is justified in these circumstances considering the progress made in these cases, the lack of harm to the estate made by the transfers, and the impending sales of the Properties.  Mr. Waters has acknowledged his mistakes and understands that the relief requested herein is necessary at this juncture to ensure that the Debtors' operations and affairs are unaffected by any future lapses in memory.

## PRAYER FOR RELIEF

For the reasons set forth above, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: September 23, 2019<br>Fort Worth, Texas | Respectfully submitted,<br><br>*/s/ Bryan C. Assink*<br>Clay M. Taylor<br>State Bar I.D. No. 24033261<br>Joshua N. Eppich<br>State Bar I.D. No. 24050567<br>Bryan C. Assink<br>State Bar I.D. No. 24089009<br>**BONDS ELLIS EPPICH SCHAFER JONES LLP**<br>420 Throckmorton Street, Suite 1000<br>Fort Worth, Texas 76102<br>(817) 405-6900 telephone<br>(817) 405-6902 facsimile<br>clay.taylor@bondsellis.com<br>joshua@bondsellis.com<br>bryan.assink@bondsellis.com<br><br>*Attorneys for Debtors*<br>*and Debtors-in-Possession* |

**CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that, on September 23, 2019, I conferred with Ms. Elizabeth Young with the Office of the United States Trustee regarding the relief requested herein. Ms. Young indicates that the Trustee opposes the relief requested.

I, the undersigned, further certify that, on September 23, 2019, I conferred via telephone with Mr. Richard Dafoe, counsel for Lakeland West Capital 37, LLC, regarding the relief requested herein. Mr. Dafoe indicated that Lakeland is likely opposed to the relief requested herein pending review of the Motion and further consideration of the relief requested therein. Therefore, the Motion is presented to the Court for its consideration.

*/s/ Bryan C. Assink*
Bryan C. Assink

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on September 23, 2019, a true and correct copy of the foregoing document was served via the Court's CM/ECF system, or otherwise by first class mail, postage prepaid, upon each of the parties listed on the mailing matrix as currently constituted by the court and attached hereto, which includes: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Debtors' secured creditors; (c) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (d) the United States Internal Revenue Service; (e) any party that has filed a notice of appearance or request for notice in this case; and (f) all other creditors and interested parties in this case.

*/s/ Bryan C. Assink*
Bryan C. Assink