**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| VMW INVESTMENTS, LLC and | § | CASE NO. 19-42644 |
| VMW BEDFORD, LLC,[1] | § | |
| | § | **(Jointly Administered)** |
| Debtors. | § | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION TO EXPAND SCOPE OF
RETENTION OF DEBTORS' CHIEF RESTRUCTURING OFFICER**

Upon the Motion[2] of VMW Investments, LLC and VMW Bedford, LLC, the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), for the entry of an order under §§ 105(a), 327, and 328 of title 11 of the United States Code (the "Bankruptcy Code") expanding the scope of retention of Mr. Karthik Gurumurthy as Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: VMW Investments, LLC (Case No. 19-42644) [7172] and VMW Bedford, LLC (Case No. 19-42646) [0368]. The Debtors' address is 808 W. Indiana Ave., Midland, Texas 79701.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Chief Restructuring Officer; and the Court having considered the Motion; and the Court finding that sufficient notice of the Motion was provided to all creditors and parties-in-interest under the circumstances, and that no other or further notice is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the venue of these cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, and that expanding the scope of the duties of the Debtors' CRO and the scope of the Retention Order as requested in the Motion is warranted under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The scope of the Debtors' retention of Mr. Karthik Gurumurthy and Larx Advisors, Inc. is hereby expanded so that Mr. Gurumurthy shall be the sole and exclusive signatory on all of Debtors' bank accounts, including the Wells Fargo bank accounts.

3. Mr. Michael Waters shall remain as Debtors' manager but shall be removed as a signatory on all of Debtors' bank accounts.

4. In accordance with the Court's Retention Order, Mr. Gurumurthy shall still consult with the principal of the Debtors on all major asset divestiture decisions.

5. The Debtors and their CRO are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order

### # # # END OF ORDER # # #

Respectfully submitted by:

Clay M. Taylor
State Bar I.D. No. 24033261
Joshua N. Eppich
State Bar I.D. No. 24050567
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

*Attorneys for Debtors
and Debtors-in-Possession*